MARCUS A. WOLFF

v.

WILLIAM M. DORSEY.

38  303<br>142s 589

*Negotiable Instruments—Notes—Stipulation for Payment of Attorney's Fee—Pleading.*

Where a negotiable instrument contains a stipulation that an attorney's fee may be "recovered as a part of the note or by separate suit," the plaintiff, if he desires to recover the attorney's fee in the principal action upon the note, must declare specifically for this item.

[Opinion filed November 21, 1890.]

IN ERROR to and appealed from the Circuit Court of Macoupin County; the Hon. J. J. PHILLIPS, Judge, presiding.

Mr. A. N. YANCEY, for plaintiff in error and appellant.

Messrs. PALMER & SHUTT, for defendant in error and appellee.

WALL, J. This was an action of assumpsit brought by the plaintiff in error as indorsee, against the defendant in error, upon three several instruments in writing signed by defendant in error as maker. These instruments were for the payment of money to the order of George W. Belt, by whom they were indorsed to the plaintiff in error, and each contained a stipulation that if not paid when due and suit was brought thereon, the maker was to "pay ten per cent on the amount due hereon in addition as an attorney's fee, and to be recovered as a part of this note or by separate suit." The cause was tried by the court without a jury, and there was a finding for the plaintiff for the amount of the principal and accrued interest, $16,192.37. The plaintiff then moved the court for a new trial, and that the finding be amended by adding the sum of $1,619.23, as an attorney's fee, according to said stipulation, which the court declined to do and rendered its judgment for the said sum of principal and interest.

The plaintiff has brought the record to this court by writ of error, and the question is presented as to the propriety of the ruling by which the court refused to allow said sum of $1,619.23 for attorney fees. The question is by counsel for plaintiff supposed to depend upon whether the stipulation contained in the instrument for the payment of such fees rendered the instrument non-negotiable, and the briefs are mainly occupied with the discussion so suggested. If the instrument is not a promissory note and negotiable as such, of course the plaintiff could recover nothing (as he is but an indorsee) in his own name and therefore the judgment in his favor for the principal and interest is erroneous; but no cross-error is assigned in this respect. It is urged, however, on behalf of the defendant in error, that the declaration does not specifically claim the item for attorney's fees and therefore plaintiff could not, in this condition of the pleadings, recover it. The stipulation is that the fee may be "recovered as a part of the note or by separate suit," thereby giving the holder

the option whether to demand it in a suit upon the note or by a separate suit. Hence it would seem to devolve upon the plaintiff to declare specially for this item if he desires to recover it in the principal suit. He should by clear averment advise the defendant of what he has to meet in this respect, since, as he might sue separately, it would be presumed in the absence of such averment that he so intended, upon the familiar principle that the pleading is always to be taken most strongly against the pleader. In Nickerson v. Sheldon, 33 Ill. 372, the court remarked significantly that the plaintiff did not declare for the fee, as though it would be necessary to do so if it were intended to recover it in that suit. The plaintiff did not ask leave to amend his declaration but moved for a new trial and that the court allow the additional sum. We think this not the correct practice, and that the court properly denied the motion. The judgment will be affirmed.

*Judgment affirmed.*